UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL SILVERSTEIN,

        Plaintiff,

  - against -

CARL E. ZAPFFE, MARYANNE TURSI, and
JOSEPH U. TURSI,

        Defendants.
-------------------------------------------------------------X

**ORDER**
12-CV-2641 (RRM)(SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

On June 25, 2012, this Court ordered defendants Carl E. Zapffe and Maryanne Tursi, the only defendants to have appeared, to show cause why this case should not be remanded to the Supreme Court of the State of New York, County of Queens, for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Where jurisdiction is lacking, dismissal is mandatory. *Id.* (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). The burden to establish federal jurisdiction rests with the removing party. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).

Defendants argue that, because plaintiff is *pro se*, he is entitled to a liberal construction of his pleadings. (Mem. L. Opp. Remand (Doc. No. 6) at 2 (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).) Since liability is greater under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681–81x, than under the New York Fair Credit Reporting Act, New York Gen. Bus. Law §§ 380–380j, the argument goes, plaintiff's mere invocation of the acronym "FCRA" in his

complaint "entitles" him to have his complaint read to confer jurisdiction on a forum he did not choose. (*Id.* at 4.) And as such, the argument continues, defendants should be entitled to remove this action to this Court based on federal question jurisdiction.

Whether a claim arises under federal law is generally governed by the well-pleaded complaint rule, which provides for federal jurisdiction only when the complaint affirmatively alleges a federal claim. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *see Citigroup, Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485, 489–90 (S.D.N.Y. 2009). Here, plaintiff's complaint makes no affirmative reference to federal law. Moreover, plaintiff filed his claims in state, not federal court, and this Court must "respect plaintiff's choice between state and federal forums . . . ." *In Re "Agent Orange" Litigation*, 996 F.2d 1425, 1430 (2d Cir. 1993). Hence, the solicitude the Court affords this *pro se* plaintiff is to honor his choice of forum.

Defendants allege that plaintiff has been allowed to pursue vexatious litigation against them in state court. (*See* Mem. L. Opp. Remand at 1–2.) Even if true, and the Court makes no findings in that regard, defendants cannot seek to use a federal forum in an attempt to gain control of a litigation. Moreover, given this Court's "respect for the limited jurisdiction of the federal courts and the rights of states," *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability*, 488 F.3d 112, 124 (2d Cir. 2007), it cannot open its doors merely because a state plaintiff presents a single ambiguous statutory abbreviation in an otherwise well-pleaded complaint. Indeed, the complaint here pleads a perfectly valid state claim, filed in a state forum. As such, defendants have failed to meet their burden demonstrating that removal is proper.

## CONCLUSION

Because the Court lacks subject matter jurisdiction over this action, this action is hereby REMANDED to the Supreme Court of New York, County of Queens. The Clerk of Court is directed to close this case, and to send by overnight mail copies of this Order to defendants and plaintiff, all of whom are *pro se*, at the addresses below, and note the mailings on the docket with all corresponding tracking numbers:

>Carl E. Zapffe
>c/o Goldman & Warshaw, P.C.
>34 Maple Avenue, Suite #101
>Suite 101
>Pine Brook, NJ  07058
>
>Maryanne Tursi
>5 Sheridan Place
>Fair Lawn, NJ 07410
>
>Michael Silverstein
>42-43 27th Street
>Long Island City, NY  11101
>
>Michael Silverstein
>14 Rionda Court
>Alpine, NJ  07620

SO ORDERED.

Dated: Brooklyn, New York
      August 30, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge